**NOT FOR PUBLICATION**

# FILED



## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

JUNDOU DONG,

        Petitioner,

v.

MATTHEW G. WHITAKER[*], Acting
Attorney General,

        Respondent.

No.   15-73599

Agency No. A087-823-585

MEMORANDUM[**]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2018[***]
Pasadena, California

Before:RAWLINSON and BEA, Circuit Judges, and BASTIAN,[****] District Judge.

---

[*]     Matthew G. Whitaker has been substituted for his predecessor, Jefferson Sessions, III, as Acting United States Attorney General under Fed. R. App. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****]     The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

Jundou Dong ("Dong"), native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Dong contends that he is entitled to relief on account of his Christian beliefs and because of the suffering his wife experienced when she was forced to undergo a tubal ligation. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the denial of relief on adverse credibility grounds due to Dong's demeanor and inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (noting we review "denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.") (internal quotation marks and citation omitted)). Taken together, all the inconsistencies and discrepancies identified by the IJ support its finding that Dong was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1042 n.3 (9th Cir. 2010) ("[T]he REAL ID Act now permits an IJ to base an adverse credibility determination on any inconsistency 'without regard to whether an inconsistency. . . goes to the heart of the applicant's claim.'") (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))).

The IJ's reliance on Dong's demeanor is afforded substantial deference. *Id.* at 1042. The IJ provided specific, cogent reasons for its adverse credibility findings by making more than just a general statement about demeanor. For instance, when faced with the discrepancies, Dong would laugh and grin. This is a specific, first-hand observation we are required to respect. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (noting specific first-hand observations are "precisely the kind of credibility cues that are the special province of the factfinder").

Finally, Dong failed to argue before the BIA that he was not given an adequate opportunity to explain the inconsistencies in his story and as such, he has failed to exhaust this claim. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below).

**PETITION DENIED.**